UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIGNODE INDUSTRIAL
GROUP LLC,

    Plaintiff,

v.                                                Case No. 8:25-cv-2860-TPB-AAS

JONATHAN GIPPERICH,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DEFERRING IN PART PLAINTIFF'S "EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION"**

This matter is before the Court on Plaintiff Signode Industrial Group LLC's "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and Incorporated Memorandum of Law," filed on October 20, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

According to the allegations of the complaint, Plaintiff Signode Industrial Group LLC is an industrial packaging provider that makes and sells products that protect goods during warehousing and transit, including plastic strap, steel strap, and plastic stretch film. Defendant Jonathan Gipperich was a longtime employee of Defendant – he began as a packaging research engineer around 2003 and was promoted several times, including into roles such as marketing specialist, sales manager, and product manager. In June 2024, Defendant was promoted to a

position as the interim director of product management and then, in January 2025, as the director of product management. Following a restructuring in July 2025, Defendant's team was reassigned and Defendant himself assumed responsibility for Plaintiff's plastic strapping, steel strapping, and plastic strapping equipment product lines for the Americas region.

At issue here, on September 16, 2022, Plaintiff and Defendant entered into a non-disclosure agreement. It is alleged that during the course of Defendant's employment, Plaintiff granted Defendant access to Plaintiff's confidential information, proprietary information, and trade secrets in connection with Defendant's position and job responsibilities

On October 2, 2025, Defendant submitted his voluntary resignation, giving two weeks' notice. However, Plaintiff elected to make Defendant's resignation effective immediately. After Defendant's resignation, Plaintiff learned that Defendant had become employed by a key competitor. Plaintiff alleges that Defendant misappropriated Plaintiff's confidential and/or proprietary information and trade secrets, including documents regarding its processes, policies, business strategies, business structure and design, products, financials, business operations, operating manuals, forms, slides, templates, and more. Specifically, Plaintiff asserts that Defendant transferred over 6,000 files containing confidential information from Plaintiff's internal storage system to a personal portable storage device without express permission or authorization. Plaintiff believes that Defendant shared at least some of its confidential information with the competitor

and its employees. When Plaintiff made a demand upon the competitor, the competitor conducted an internal investigation and terminated Defendant's new employment.

On October 20, 2025, Plaintiff filed a complaint asserting several claims for relief: breach of contract (injunctive relief) (Count I), breach of contract (damages) (Count II), violations of the Defend Trade Secrets Act of 2016 (Count III), and violations of the Florida Uniform Trade Secrets Act (Count IV). The instant motion seeks both a temporary restraining order and a preliminary injunction to prevent Defendant from sharing Plaintiff's trade secrets and confidential information.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b). Under Rule 65(b)(1), a federal court may only issue a temporary restraining order without first giving notice to the enjoined parties if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). If the movant establishes that it is justified in seeking *ex parte* relief, it next bears the burden to establish that injunctive relief is appropriate by showing: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened

injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005)

## Analysis

The Court finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the complaint showing that immediate and irreparable injury, loss, or damage will result to Plaintiff before the adverse party can be heard in opposition. In the absence of an *ex parte* order, Defendant will likely continue to possess and appears likely to misuse and misappropriate Plaintiff's confidential information, posing an imminent risk of disclosure and irreparable harm to Plaintiff, including the loss of protection, competitive advantage, and goodwill. If notice is provided, there is a grave risk Defendant may transfer, sell, or otherwise disseminate Plaintiff's confidential information and trade secrets. TROs are designed to protect against this type of injury.

Plaintiff has also demonstrated the requirements for temporary injunctive relief. Plaintiff has shown a strong probability of success on the merits. Here, Plaintiff has sufficiently alleged that Defendant breached the non-disclosure agreement between the parties by his unauthorized transfer of confidential and trade secret information and has continued to possess the information on a portable storage device after terminating his employment, in violation of the agreement. Plaintiff has further established that it is likely that Defendant has already

disseminated at least some of Plaintiff's trade secrets and confidential information to a direct competitor.

Second, Plaintiff has established that a threat of immediate and irreparable harm will occur unless Defendant is enjoined. The transferred information consists of Plaintiff's sensitive and valuable data, and Defendant's continued possession could lead to the dissemination of trade secrets and confidential information. Notably, "[p]ursuant to Florida law, irreparable harm is presumed when a party appropriates or intends to appropriate trade secrets for its own use." *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249-Orl-41TBS, 2015 WL 12915119, at *5 (M.D. Fla. July 28, 2015) (internal citations omitted).

Any potential harm to Defendant from restraining his use of Plaintiff's trade secrets and confidential information is outweighed by the potential harm to Plaintiff if relief is not issued. And the public interest considerations weigh largely in favor of granting the temporary restraining order by promoting upholding contractual obligations between parties and placing necessary safeguards on confidential business information.

Consequently, the Court finds that good cause exists to grant Plaintiff's motion for a temporary restraining order. The Court believes that Plaintiff should be required to post a bond of $5,000.00 as security. *See* Fed. R. Civ. P. 65(c).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  Plaintiff's "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and Incorporated Memorandum of Law" (Doc. 2) is hereby **GRANTED** to the extent that Plaintiff seeks a temporary restraining order.

(2)  Defendant Jonathan Gipperich is hereby:

   a. **ENJOINED**, directly or indirectly, from using, copying, transmitting, disclosing, altering, destroying, or otherwise accessing any of Plaintiff's confidential, proprietary, or trade secret information in his possession, custody, or control;

   b. **ORDERED** to immediately return to Plaintiff all confidential, proprietary, trade secret information in his possession, custody, or control; and

   c. **ORDERED** to provide Plaintiff a list of any persons with whom he has shared any confidential, proprietary, or trade secret information with, with the exception of authorized personnel in connection with Defendant's prior employment with Plaintiff.

(3)  Defendant shall immediately preserve and surrender to counsel for Plaintiff all external storage devices, drives, or accounts in his possession that contain, or have contained, any of Plaintiff's information, and shall not

access, delete, or transfer any of Plaintiff's data pending further order of this Court.

(4)     The restrictions set forth herein shall apply to Defendant and all persons and entities acting in concert or participation with him.

(5)     Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of $5,000.00 within forty-eight (48) hours as payment of damages to which Defendant may be entitled to for a wrongful injunction or restraint.

(6)     Immediately upon the entry of the temporary restraining order, Plaintiff is directed to serve on Defendant a copy of the summons, the complaint, the "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and Incorporated Memorandum of Law," a copy of any affidavit and other paper submitted in support of the motion, and a copy of this Order.  *See* Local Rules 6.01; 6.02.

(7)     Plaintiff is directed to file proof of service promptly after service is effected.

(8)     Defendant is directed to file his response to Plaintiff's motion within 7 days after service of the above-referenced documents.

(9)     This Order shall remain in effect for two (2) weeks from the date of entry of this Order and expires on November 4, 2025, or until such further dates as set by the Court or stipulated to by the parties.

(10)   Following service and an opportunity to respond, the Court will expeditiously set a hearing to address the requests for a preliminary and permanent injunction, if appropriate.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>21st</u> day of October, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE